James Milton **HAWKINS**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 64352.

Court of Criminal Appeals of Texas, Panel No. 2.

Sept. 10, 1980.

Rehearing Denied Oct. 15, 1980.

---

Randy Schaffer, Houston, court appointed on appeal only, for appellant.

John B. Holmes, Jr., Dist. Atty., Joan Fisher and Carl Haggard, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

Before DOUGLAS, ODOM and DALLY, JJ.

## OPINION

DALLY, Judge.

This is an appeal from a conviction for the offense of aggravated assault. The punishment, enhanced by a prior felony conviction, is imprisonment for ten years.

The appellant contends that the evidence is insufficient to sustain his conviction for aggravated assault; he asserts that the evidence does not support a finding that the knife used was a deadly weapon as alleged or that he intentionally or knowingly threatened the complainant. He also argues that the jury charge was fundamentally erroneous.

The indictment charging appellant with aggravated assault alleges that appellant did:

"intentionally and knowingly threaten imminent bodily injury to ARTHUR MATAMOROS, with the use of a deadly weapon, namely, a knife."

On October 1, 1978, at about 1:30 a. m., Arthur Matamoros and Harmon Smith, both employed as wrecker drivers, were waiting for the police to arrive at an accident scene. Matamoros was sitting in the driver's seat of his parked truck talking through the open window on the driver's side with Smith, who was standing outside, when the appellant approached the truck on the passenger side and tapped on the closed window. Matamoros, unable to understand what the appellant was saying, motioned for him to come around to the driver's side. The appellant staggered as he approached, mumbled what Matamoros believed to be an offer to sell drugs. After Matamoros refused the offer he realized that the appellant was clutching a "folder knife" with a five or six—inch blade. The appellant, who was partially leaning against the truck, told Matamoros he had a knife, and then lunged at him through the open window. The knife came within five or ten inches of

Matamoros, who avoided it by leaning back away from the driver's side. Matamoros, who testified that he was in fear of serious bodily injury or death, told appellant he had a shotgun, and would protect himself if appellant came at him again. The appellant then turned on Smith with the knife, and chased him completely around the wrecker. Matamoros pulled a shotgun from under the seat, laid it down on the seat where appellant could see it, and told him to leave. The appellant responded that he was going home to get something to get even with Matamoros, and left.

When the police arrived at the accident scene shortly thereafter, Matamoros and Smith related the incident. Matamoros then saw the appellant returning, and pointed him out to the officers, who pursued him into a house he entered, and there arrested him. A search of the appellant did not reveal any weapons.

Officer H. S. Kennedy of the Houston Police Department, who was qualified as an expert, testified that he was familiar with the type of knife the appellant was said to have used, and that such a knife, with a blade from four to six inches long, was capable of inflicting serious bodily injury or death. Smith testified the knife was a pocket knife, "a big one "; the blade was shaped like a butcher knife; it was four or five inches long and could have caused serious bodily injury or death.

V.T.C.A. Penal Code, Sec. 1.07(a)(11) provides:

"(11) 'Deadly weapon' means:
"(A) A firearm or anything manifestly designed, made, or adapted for the purpose of inflicting death or serious bodily injury; or
"(B) anything that in the manner of its use or intended use is capable of causing death or serious bodily injury."

■ Although a knife is not a deadly weapon per se, *Williams v. State*, 575 S.W.2d 30 (Tex.Cr.App.1979); *Limuel v. State*, 568 S.W.2d 309 (Tex.Cr.App.1978) it may be shown to be a deadly weapon by showing the manner of its use, its size and shape, and its capacity to produce death or

serious bodily injury. *Denham v. State*, 574 S.W.2d 129 (Tex.Cr.App.1978). *McElroy v. State*, 528 S.W.2d 831 (Tex.Cr.App.1975).

■ The appellant argues that the evidence in the present case fails to establish that the knife used was a deadly weapon. We disagree. We find that the testimony that the knife blade was from four to six inches long, that the appellant, with his knife in his hand, lunged at Matamoros and chased Smith around the truck, together with the testimony of Smith about the knife and the expert testimony of Officer Kennedy that such a knife would be capable of inflicting serious bodily injury or death, is sufficient to support a finding that the knife was a deadly weapon. This evidence shows the knife in the manner of its use was capable of causing serious bodily injury or death, and the knife was adapted for the purpose of inflicting serious bodily injury or death; it was a deadly weapon as alleged under either subsection (A) or (B) of V.T. C.A. Penal Code, Sec. 1.07(a)(11). See *Hart v. State*, 581 S.W.2d 675 (Tex.Cr.App.1979); *Hubbard v. State*, 579 S.W.2d 930 (Tex.Cr. App.1979); *Denham v. State*, supra.

The appellant's reliance on *Alvarez v. State*, 566 S.W.2d 612 (Tex.Cr.App.1978), is misplaced. In *Alvarez*, we reversed the defendant's conviction for aggravated assault because we found there was insufficient evidence to prove the linoleum knife he wielded three or four feet from the complainant was a deadly weapon. The evidence in the present case may be distinguished from *Alvarez*: in *Alvarez*, there was neither testimony concerning the size of the knife, nor was there expert or lay testimony that the knife was capable of inflicting death or serious bodily injury.

■ The appellant also contends that the evidence is insufficient to show he "intentionally or knowingly" threatened Matamoros, as alleged in the indictment, because the evidence indicates the appellant was intoxicated at the time of the offense.

V.T.C.A. Penal Code, Sec. 8.04, provides in part:

"(a) Voluntary intoxication does not constitute a defense to the commission of a crime.

" . . .

"(d) For purposes of this section 'intoxication' means disturbance of mental or physical capacity resulting from the introduction of any substance into the body."

The evidence of appellant's intoxication, if any, does not negate the elements of intent or knowledge. See *Tijerina v. State*, 578 S.W.2d 415 (Tex.Cr.App.1979); *Ramos v. State*, 547 S.W.2d 33 (Tex.Cr.App.1977); *McElroy v. State*, 528 S.W.2d 831 (Tex.Cr. App.1975).

Finally, appellant argues that the court's charge to the jury was fundamentally defective because it "authorized conviction on a definition of 'deadly weapon' that was not supported by the evidence."

The court instructed the jury on the statutory definition of the term "deadly weapon":

"The term 'deadly weapon' means:

"(a) A firearm or anything manifestly designed, made, or adapted for the purpose of inflicting death or serious bodily injury; or

"(b) anything that in the manner of its use or intended use is capable of causing death or serious bodily injury."

In applying the law to the facts the court instructed the jury:

"Therefore, if you believe from the evidence beyond a reasonable doubt that the defendant, James Milton Hawkins, in Harris County, Texas, on or about October 1, 1978, intentionally or knowingly threatened Arthur Matamoros with imminent bodily injury by using a *deadly weapon*, namely a knife, you will find the defendant guilty.

"If you do not so believe, or if you have a reasonable doubt thereof, you will find the defendant not guilty."

There was no objection to the court's charge before it was submitted to the jury.

The appellant argues that since a knife is not per se a deadly weapon, these instructions present fundamental error because they authorized conviction on a definition of the term "deadly weapon" that was not supported by the law or evidence.

■ The indictment alleged that the knife used by the appellant was a deadly weapon. The trial court instructed the jury on the definition of the term "deadly weapon" under both subsections (A) and (B) of V.T.C.A. Penal Code, Sec. 1.07, then authorized conviction provided the jury found the appellant had used "a deadly weapon, namely, a knife." Since we have concluded that the evidence would support a finding that the knife used by the appellant was a deadly weapon as defined by either subsection (A) or (B) of Sec. 1.07, supra, we perceive no error in the court's charge. The jury was sufficiently instructed that the evidence must prove the knife to be a deadly weapon, as defined, before the appellant could be convicted. *Thompson v. State*, 577 S.W.2d 497 (Tex.Cr.App.1979), relied on by the appellant, concerns a charge which authorized conviction on a theory not alleged in the indictment, and therefore has no application in the present case.

The judgment is affirmed.