Opinion issued April 17, 2003
     










In The
Court of Appeals
For The
First District of Texas




NO. 01-02-00099-CR




DAVID CHARLES SABRSULA, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 400th District Court
Fort Bend County, Texas
Trial Court Cause No. 33,974




MEMORANDUM OPINION

          Appellant, David Charles Sabrsula, pleaded not guilty to murder.


 The jury
found him guilty of murdering his wife and assessed his punishment at 99 years’
imprisonment. In five points of error, appellant challenges the admission of
testimony concerning a threat he made to kill his wife and contends that he was
entitled to a jury instruction on the lesser-included offense of manslaughter. We
affirm.
Facts
          On a cold, rainy night in November 2000, Becky Sabrsula came home late from
a business fund-raiser. She and appellant got into a heated argument. Becky jumped
in her truck and drove away while the truck door was still open, apparently striking
appellant in the head with the open door and running over his foot as she sped away. 
Appellant, barefoot and clad only in his underwear, chased Becky down the highway
in his own truck. Becky called her sister-in-law, Wanda Lubojacky, telling her that
appellant was trying to run her off the road and screaming, “He’s going to kill me, I
know he is.” Becky continued to scream incoherently until the phone went dead. 
          Wanda called 911 to summon help. Before it arrived, appellant took a high-powered deer rifle that he kept in his truck and shot his wife in the head. He then
drove home and called the sheriff’s department, saying that he thought he had killed
his wife. The sheriff’s deputy recovered the rifle at appellant’s home. Numerous
witnesses testified that Becky was very afraid of her husband, but no evidence of
physical abuse was presented. Becky also separated from appellant for a short period
of time, leaving in a manner that can only be described as “sneaking out” while
appellant was away from the house. 
          On the day of the killing, appellant had been drinking on and off. He testified
that the last thing he remembered was getting into his truck to go after his wife; he
said that he remembered nothing else until he heard the window glass shatter. A
forensic psychiatrist called by defense counsel testified that appellant was suffering
from “disassociative amnesia” that had wiped out any memory of the traumatic event.
          After deliberating for roughly half an hour, the jury convicted appellant of
murder. On appeal, he challenges the admission of a previous threat to kill his wife 
and argues that the jury charge should have included an instruction on the lesser-included offense of manslaughter.
Admission of Testimony
          In points of error one through four, appellant contends the trial court erred in
admitting, over objection, Vicki Lewicki’s testimony that appellant threatened his
wife a few months before the murder. Lewicki testified that Becky was not upset
before receiving a phone call from appellant. When Becky hung up the phone, she
was crying and shaking. She then immediately told Lewicki that her husband had
said that he “might as well kill me and get it over with.” Appellant contends the
admission of this statement violated the rules of evidence because (1) it was not
relevant, (2) it did not qualify as an “excited utterance” exception to the hearsay rule,
(3) it was an inadmissible extraneous offense, and (4) its prejudicial effect
outweighed its probative value. See Tex. R. Evid. 401, 803(2), 404(b), 403. 
          Standard of Review
          We review a trial court’s ruling on the admissibility of evidence under an abuse
of discretion standard. Mozon v. State, 991 S.W.2d 841, 847 (Tex. Crim. App. 1999);
Erdman v. State, 861 S.W.2d 890, 893 (Tex. Crim. App. 1993). We will reverse only
if the ruling is outside the zone of “reasonable disagreement.” Montgomery v. State,
810 S.W.2d 372, 391 (Tex. Crim. App. 1991) (op. on reh’g). 
          In reviewing the admissibility of Lewicki’s statement, we bear in mind that the
State is permitted in a murder prosecution to offer testimony as to all relevant facts
or circumstances regarding the killing, the previous relationship between the accused
and the deceased, or the accused’s state of mind. Tex. Code Crim. Proc. Ann. art.
38.36(a) (Vernon Supp. 2003). We apply the rules of evidence to determine whether
the trial court abused its discretion in admitting Lewicki’s testimony.
          (1) Relevance
          In point of error one, appellant contends that the statement was not relevant. 
Any evidence that is both material and probative is relevant. Tex. R. Evid. 401. 
Evidence is material if it influences consequential facts. Mayes v. State, 816 S.W.2d
79, 84 (Tex. Crim. App. 1991). Evidence is probative if it tends to make the
existence of a material fact more or less probable than it would be without the
evidence. Miller v. State, 36 S.W.3d 503, 507 (Tex. Crim. App. 2001).
          Appellant argues that whether appellant threatened his wife months before
killing her was neither material nor probative, “especially in light of the fact that no
issue had been joined as to Appellant’s intent or the complainant’s state of mind.” 
We do not agree. The State bore the burden of proving all elements of the offense of
murder, including intent. See Tex. Pen. Code Ann. § 19.02(b)(1). Moreover,
whether appellant was entitled to a lesser-included offense instruction goes directly
to the issue of intent. See Williams v. State, 927 S.W.2d 752, 758 (Tex. App—El
Paso 1996, pet. ref’d) (holding that, given defensive theory of manslaughter, evidence
of past assaults and threats tended to make it more probable that it was defendant’s
conscious objective to cause death of decedent).
          Thus, we are satisfied that the evidence was both material and probative as to
appellant’s intent. 
          We overrule point of error one.
          (2) Hearsay Exception
          In point of error two, appellant contends that Becky’s statement to Lewicki did
not qualify as an exception to the hearsay rule. Hearsay is an out-of-court assertion
offered to prove the truth of the matter asserted. Tex. R. Evid. 801(d). Hearsay is not
admissible unless it is an exception to the hearsay rule. Tex. R. Evid. 802. One such
exception is when the assertion was made while the declarant was under the stress of
excitement caused by a startling event or condition. Tex. R. Evid. 803(2).
          Appellant contends that the State did not meet its burden to prove that the
statement was not made under the “impetus of reflection” based on the amount of
time that elapsed between the appellant’s threat and Becky’s relating of the threat to
Lewicki. Here, Lewicki testified that Becky was not upset before receiving a phone
call from appellant. When Becky hung up the phone, she was crying and shaking. 
She then immediately told Lewicki that her husband had said that he “might as well
kill me and get it over with.” While it is true that an excited utterance must be
spontaneous and close in time to the event that gave rise to it,


 the record reflects that
both of these conditions applied. Moreover, the essential question is whether the
declarant was still dominated by the emotions, excitement, fear, or pain of the event. 
McFarland v. State, 845 S.W.2d 824, 846 (Tex. Crim. App. 1992).
          Under these circumstances, Becky was clearly still dominated by the emotions
aroused by appellant’s threat. We are persuaded that the statement was an exception
to the hearsay rule because it was an excited utterance. Thus, the trial court did not
err in admitting it.
          We overrule point of error two.
          (3) Extraneous Offense
          In point of error three, appellant contends that Becky’s statement to Lewicki
was an inadmissible extraneous offense that served only to show character
conformity. Extraneous offense evidence is admissible only if it tends to prove a
material fact in the State’s case apart from its tendency to demonstrate an accused’s
general propensity for committing criminal acts. Turner v. State, 754 S.W.2d 668,
672 (Tex. Crim. App. 1988). The threat here was admissible for the same reason it
was relevant: it showed appellant’s intent. Appellant—contrary to his assertion on
appeal that intent was “never an issue”—attempted to show that the shooting could
have been the result of recklessness. Therefore, the statement served the purpose of
showing intent, not character conformity, and the trial court did not err in admitting
it.
          We overrule point of error three.
          (4) Probative Value v. Prejudicial Effect
          In point of error four, appellant contends that Becky’s statement to Lewicki
was more prejudicial than probative. Even relevant evidence may be excluded if its
probative value is substantially outweighed by the danger of unfair prejudice. Tex.
R. Evid. 403. The party opposing admission of the testimony bears the burden of
showing that the probative value is substantially outweighed by the danger of unfair
prejudice. Id. Courts assess this balance by examining (1) how probative the
evidence is; (2) the potential of the evidence to impress the jury in some irrational,
but nevertheless indelible, way; (3) the time the proponent needs to develop the
evidence; and (4) the proponent’s need for the evidence. Montgomery, 810 S.W.2d
at 389-90.
          Appellant argues that, “Confronted with the tragic and seemingly senseless
death of the complainant on the one hand and with no need at all for the State to elicit
Lewicki’s testimony, there was simply too great a risk jurors misused this testimony
for some other purpose—to find that Appellant was a bad person generally—than the
limited purpose for which it was admitted.” We disagree. The evidence was
probative of appellant’s intent, it had virtually no potential to affect the jury in an
“irrational but indelible” way, and it took very little time to develop. The State’s need
to elicit this testimony was not as strong as it would have been had there not been
repeated testimony that Becky was afraid of appellant and Wanda’s testimony that,
just before she was shot, Becky said, “He’s going to kill me.” However, this was the
only testimony directly recounting what appellant said, rather than what Becky said. 
          We conclude that appellant did not meet his burden to show that the probative
value was substantially outweighed by the danger of unfair prejudice, particularly
given the instruction to the jury that it could only consider the testimony in regard to
assessing appellant’s intent. We presume that the jury followed that instruction,
absent a showing to the contrary. See Luquis v. State, 72 S.W.3d 355, 366-67 (Tex.
Crim. App. 2002).
          We hold that the trial court did not abuse its discretion in admitting the
statement.
          We overrule point of error four.
Lesser-Included Offense of Manslaughter
          In point of error five, appellant contends that the trial court erred in not giving
the jury his requested instruction on the lesser-included offense of manslaughter. To
be entitled to a lesser-included offense instruction a defendant must establish that (1)
the lesser-included offense is included within the proof necessary to establish the
offense charged, and (2) some evidence must exist in the record that would permit a
jury rationally to find that if the defendant is guilty, he is guilty only of the lesser-included offense. Westbrook v. State, 29 S.W.3d 103, 113 (Tex. Crim. App. 2000).           The distinction between murder and manslaughter lies in the culpable mental
state accompanying the defendant’s act. See Tex. Pen. Code Ann. §§ 19.02, 19.04 
(Vernon 2003) (culpable mental state for murder is “intentional” or “knowing”;
culpable mental state for manslaughter is “reckless”). Implicit in the statutory
definitions of these offenses is the idea that the defendant must not have intended the
resulting death, nor been aware that a death was reasonably certain to occur. See
Jones v. State, 963 S.W.2d 177, 180 (Tex. App.—Fort Worth 1998, pet. ref’d). 
Therefore, for a defendant to be entitled to a jury charge on involuntary manslaughter
or criminally negligent homicide, the record must contain “some” evidence that the
defendant did not intend the resulting death or know that it was reasonably certain to
occur. Id. 
          Appellant contends the jury could have rationally concluded that appellant was
reckless in chasing the complainant and pointing a loaded weapon at her in cold,
rainy, and windy conditions in the middle of the night, especially after having
consumed alcohol. We cannot agree. There is simply no evidence in this record that
would have permitted a jury rationally to find that if appellant was guilty, he was only
guilty of manslaughter. There were no witnesses to the shooting, and appellant’s only
testimony regarding the circumstances of the shooting was his repeated refrains, “I
don’t know” and “I don’t remember.” As the State notes, appellant’s disassociative
amnesia is irrelevant, and the weather conditions—in the absence of any testimony
indicating that the weather was a factor in bringing about the shooting—do not
matter. Nor is appellant’s possible intoxication a factor. Voluntary intoxication does
not negate intent. Tex. Pen. Code Ann. § 8.04 (Vernon 2003); Hawkins v. State, 605
S.W.2d 586, 588-89 (Tex. Crim. App. 1980).
          The forensic evidence showed that the rifle appellant used to shoot his wife had
both a safety and a trigger guard, that it did not have a “hair trigger,” and that it did
not accidentally discharge when it was test-dropped. The trajectory of the bullet’s
path indicated it was fired from shoulder height. The only indications of recklessness
came from appellant’s counsel, in the form of speculative questions that he posed to
the appellant: “What do you know about whether you could have slipped and fell?”;
“What do you know about whether or not the door could have been pushed open to
you?”; “What do you know, if anything, about whether the vehicle could have lunged
forward, causing you to inadvertently shoot?”; “What do you know, if anything, about
whether you may have intended to shoot over her to scare her?” Each time, appellant
responded that he did not know. Thus, appellant’s testimony cannot be construed as
evidence of recklessness; counsel’s questions are not evidence.
          There is no evidence that appellant did not intend to kill his wife. Appellant’s
rifle was a deadly weapon per se. Tex. Pen. Code Ann. § 1.07(a)(17)(A) (Vernon
2003). When a defendant uses a deadly weapon per se and death results, the specific
intent to kill can be inferred. Moreno v. State, 755 S.W.2d 866, 868 (Tex. Crim. App.
1988). We hold that appellant was not entitled to an instruction on the lesser-included offense of manslaughter.
          We overrule point of error five.
Conclusion
          We affirm the trial court’s judgment.
 
                                                             /s/ Evelyn V. Keyes,
                                                             Justice


Panel consists of Justices Taft, Keyes, and Higley.

Do not publish. Tex. R. App. P. 47.2(b).