Opinion filed April 26,
2012

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-10-00103-CR

                                                    __________

 

                                   TOMMIE
SIMMONS, Appellant  

                                                             V.

                                      STATE
OF TEXAS, Appellee



 

                                   On
Appeal from the 411th District Court

                                                           Trinity
County, Texas

                                                       Trial
Court Cause No. 9349

 



 

                                            M E M O R A N
D U M   O P I N I O N

 

            The
jury convicted Tommie Simmons of aggravated assault with a deadly weapon.  The
trial court sentenced him to confinement in the Institutional Division of the
Texas Department of Criminal Justice for a term of eighteen years.  Appellant
challenges his conviction in three issues.  We affirm.  

Background
Facts

Jarvis
Tyson testified that appellant’s brother, Terrance “T.T.” Simmons, came to his house
on the morning of August 1, 2008.  Tyson and T.T. subsequently traveled to
T.T.’s house located in an area that they described as “the North Side.”  They
shot dice at the house almost every day.  Tyson testified that he had been at
the same house on the previous night.  Upon arriving at the house, Tyson and
T.T. encountered appellant and T.T.’s other siblings.  Tyson testified that
appellant appeared to be “tripping” because it appeared he had been using
“dope.”  When appellant overheard a derogatory comment about his sister, he
stated, “I’m going to get my gun.”  Tyson testified that appellant then
returned with a gun and began saying, “I’ll shot [sic] you,” repeatedly to
Tyson.  Appellant subsequently shot Tyson three times, including at least one
time in the abdomen.  Afterwards, appellant told Tyson, “Die, hoe ass n----r.”

Tyson
fled the scene by running toward a nearby highway.  An off-duty TDC prison
guard found him collapsed in the middle of the highway with blood coming from
his abdomen.  The guard transported Tyson to the local hospital in the back of
his pickup.  Tyson testified that he was subsequently “Life Flighted” to a
Tyler hospital where he remained hospitalized for twenty-four or twenty-five
days.  He further testified that he was unconscious for eighteen of those days.

Sufficiency
of the Evidence

Appellant challenges the legal and factual sufficiency of the evidence in his first
issue. We note at the outset of our analysis that the Texas Court of Criminal
Appeals has now held in Brooks v. State, 323 S.W.3d 893 (Tex. Crim. App.
2010), that there is “no meaningful distinction between the Jackson v.
Virginia[1]
legal-sufficiency standard and the Clewis[2]
factual-sufficiency standard”; that the Jackson v. Virginia standard
is the “only standard that a reviewing court should apply in determining
whether the evidence is sufficient to support each element of a criminal
offense that the State is required to prove beyond a reasonable doubt”; and
that “[a]ll other cases to the contrary, including Clewis, are
overruled.”  Brooks, 323 S.W.3d at 895, 902, 912 (footnotes added).
Accordingly, a challenge to the factual sufficiency of the evidence is no
longer viable.  We also note that appellant did not have the benefit of the
opinion in Brooks when this case was briefed.  We will review appellant’s
factual sufficiency challenge under the legal sufficiency standard set forth in
Jackson v. Virginia.  Under this standard, we must review all of the
evidence in the light most favorable to the verdict and determine whether any
rational trier of fact could have found the essential elements of the crime
beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307; Brooks,
323 S.W.3d at 899.

In
conducting a legal sufficiency review, we are required to defer to the jury’s
role as the sole judge of the credibility of the witnesses and the weight their
testimony is to be afforded. Brooks, 323 S.W.3d at 899. This standard
accounts for the factfinder’s duty to resolve conflicts in the testimony, to
weigh the evidence, and to draw reasonable inferences from basic facts to
ultimate facts.  Jackson v. Virginia, 443 U.S. at 319; Clayton v.
State, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007).  When the record
supports conflicting inferences, we presume that the factfinder resolved the
conflicts in favor of the prosecution and, therefore, defer to that
determination.  Jackson v. Virginia, 443 U.S. at 326; Clayton,
235 S.W.3d at 778.  Each fact need not point directly and independently to the
guilt of the appellant, as long as the cumulative force of all the
incriminating circumstances is sufficient to support the conviction.  Hooper
v. State, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007).

Appellant
bases his evidentiary challenge on a comment that Tyson made during
cross-examination wherein he stated that he did not believe appellant knew what
he was doing because appellant was on drugs at the time.  Appellant contends
that there is no evidence of the requisite intent based on Tyson’s testimony
that appellant did not know what he was doing.  We disagree.  As noted previously,
appellant made statements at the time of the shooting expressing his intent to
shoot Tyson.  Furthermore, appellant’s reliance on voluntary intoxication to
negate the element of intent is prohibited by Tex. Penal Code Ann. § 8.04(a) (West 2011).  Voluntary intoxication is not a defense to the commission of a crime, and evidence of
an accused’s intoxi-cation “does not negate the elements of intent or
knowledge.” Hawkins v. State, 605 S.W.2d 586, 589 (Tex. Crim. App. 1980). 
Appellant’s first issue is overruled.

Oral
Comment by Trial Court

            Appellant
directs his second and third issues at an oral comment made by the trial judge
at the conclusion of the reading of the charge of the court.  The trial judge
read the portion of the charge preceding the verdict form in its entirety.  When
the trial judge reached the verdict form, he stated:  “And then the last page
has three blanks and you will need to answer two of those.  And I’ll let the
lawyers argue their respective positions about that.”  The verdict form
provided as follows:

VERDICT

 

            We, the
Jury, find the Defendant, Tommie Simmons, guilty of the offense of Aggravated
Assault with a Deadly Weapon as charged in the indictment.

                                                                               ____________________________

                                                                         Foreperson

 

            Do you
find from the evidence beyond a reasonable doubt that the Defendant used or
exhibited a deadly weapon, to-wit:  a firearm, if he did during the commission
of the offense alleged in the indictment?

 

            ANSWER: 
“We do” or “We do not”

 

            ANSWER:  
___________________

                                                 ____________________________

                                                                        Foreperson

 

OR

 

               We,
the Jury, find the Defendant, Tommie Simmons, not guilty.

                                                                         _____________________________

                                                                        Foreperson

            

Appellant
directs his complaint to the trial judge’s comment that the jury would need to
answer two of the blanks.  He alleges that this comment was erroneous because
the jury would not need to answer two of the blanks if it found appellant not
guilty.  He contends in his second issue that this oral comment constituted an
erroneous statement of the law, and he contends in his third issue that it
constituted an improper comment on the weight of the evidence.  

            When
an appellant alleges jury charge error on appeal, we first determine whether
there is any error in the jury charge.  Hutch v. State, 922 S.W.2d 166,
170 (Tex. Crim. App. 1996).  If we conclude there is jury charge error, we must
determine if the error caused sufficient harm to warrant reversal.  Id.
at 170–71.  The extent of harm requiring reversal is dictated by whether the
error was properly preserved.  Id. at 171.        Appellant acknowledges
on appeal that he did not object to the trial judge’s comment at the time it
was made.  Where the defendant failed to object to the error at trial, we may
reverse only if the record shows that the error was so egregiously harmful that
the defendant was denied a fair and impartial trial. Almanza v. State,
686 S.W.2d 157, 171 (Tex. Crim. App. 1985).

            The
State argues that the trial judge’s comment did not constitute error because
the jury could have answered two blanks on the verdict form and still found
appellant not guilty.  The State premises this argument on the contention that
the jury could have answered “[w]e do not” on the deadly weapon question, in
addition to finding appellant not guilty.  We disagree with the State’s
contention.  As set forth above, the deadly weapon question was grouped
together with the “guilty” question.  This fact is evidenced by the bold “OR”
following the deadly weapon question.  The jury would have no reason to address
the deadly weapon question if it found appellant not guilty.  Accordingly, the
trial judge’s comment referencing the need to answer two questions on the
verdict form constituted a comment on the weight of the evidence because it
assumed the truth of a controverted issue.  Whaley v. State, 717 S.W.2d
26, 32 (Tex. Crim. App. 1986).  In this regard, the jury would need to answer
two questions on the verdict form only if it found appellant guilty of the
charged offense.

            Having
found error, we must now determine if it resulted in egregious harm.  Egregious
harm includes errors affecting the case’s foundation, denying the defendant a
valuable right, significantly affecting a defensive theory, or making the case
for guilt or punishment clearly and substantially more compelling.  Hutch,
922 S.W.2d at 171.  In determining the degree of harm, we look to the entire
jury charge, the state of the evidence, the arguments of counsel, and any other
relevant information from the entire record.  Taylor v. State, 332 S.W.3d 483, 489–90 (Tex. Crim. App. 2011); Hutch, 922 S.W.2d at 171; Almanza, 686 S.W.2d at 171.  Errors that result in egregious harm are those that
affect the very basis of the case, deprive the defendant of a valuable right,
vitally affect the defensive theory, or make a case for conviction clearly and
significantly more persuasive.  Taylor, 332 S.W.3d at 490; Hutch,
922 S.W.2d at 171; Almanza, 686 S.W.2d at 172.

            We
first note the circumstances surrounding the oral comment.  The trial judge
made the comment at the conclusion of the reading of the court’s charge
essentially as an aside to the reading of the court’s charge and the impending
closing arguments to be given to the attorneys.  The comment was not so
inflammatory as to provoke an objection by trial counsel or a reference to it
during closing argument.  Furthermore, the written charge of the court
contained the following application provision:

Now,
bearing in mind the foregoing instructions, if you find from the evidence
beyond a reasonable doubt that on or about the 1st day of August,
2008, in Trinity County, Texas, the defendant, TOMMIE SIMMONS, did then and
there intentionally,  knowingly or recklessly cause serious bodily injury to
Jarvis Tyson by shooting him with a firearm, or the defendant did
intentionally, knowingly, or recklessly cause bodily injury to Jarvis Tyson and
did then and there use or exhibit a deadly weapon, to-wit: a firearm, during
the commission of said assault, then you will find the defendant guilty of
aggravated assault as charged in the indictment.

 

If
you do not so find, or if you have a reasonable doubt thereof, you will find
the defendant “Not Guilty.”

 

Accordingly, the
written instructions that accompanied the jury into its deliberations did not
contain the error presented by the trial judge’s oral comment.  The jury
deliberated for approximately twenty minutes without presenting any questions
to the trial court about its responsibilities.  In light of the overwhelming
weight of the evidence presented at trial and the seemingly innocuous nature of
the trial judge’s oral comment, we conclude that appellant did not suffer
egregious harm.  We note in this regard that a timely objection and accompanying
curative instruction would have readily corrected the trial judge’s erroneous
comment.  See Ladd v. State, 3 S.W.3d 547, 567 (Tex. Crim. App. 1999). 
We conclude that the comment did not deprive appellant of a fair and impartial
trial.  Appellant’s second and third issues are overruled.

This
Court’s Ruling

             The
judgment of the trial court is affirmed.

 

            

                                                                                                TERRY
McCALL

                                                                                                JUSTICE

 

April 26, 2012

Do not publish. 
See Tex. R. App. P.  47.2(b).

Panel consists of: Wright, C.J.,

McCall, J., and Kalenak, J.









[1]Jackson v. Virginia, 443 U.S. 307 (1979).

 





[2]Clewis v. State,
922 S.W.2d 126 (Tex. Crim. App. 1996).