**Opinion filed April 26, 2012**



## In The

# Eleventh Court of Appeals

_____

### No. 11-10-00103-CR
_____

### TOMMIE SIMMONS, Appellant
### V.
### STATE OF TEXAS, Appellee

**On Appeal from the 411th District Court**

**Trinity County, Texas**

**Trial Court Cause No. 9349**

### MEMORANDUM OPINION

The jury convicted Tommie Simmons of aggravated assault with a deadly weapon. The trial court sentenced him to confinement in the Institutional Division of the Texas Department of Criminal Justice for a term of eighteen years. Appellant challenges his conviction in three issues. We affirm.

*Background Facts*

Jarvis Tyson testified that appellant's brother, Terrance "T.T." Simmons, came to his house on the morning of August 1, 2008. Tyson and T.T. subsequently traveled to T.T.'s house located in an area that they described as "the North Side." They shot dice at the house almost every day. Tyson testified that he had been at the same house on the previous night. Upon arriving at the house, Tyson and T.T. encountered appellant and T.T.'s other siblings. Tyson

testified that appellant appeared to be "tripping" because it appeared he had been using "dope." When appellant overheard a derogatory comment about his sister, he stated, "I'm going to get my gun." Tyson testified that appellant then returned with a gun and began saying, "I'll shot [sic] you," repeatedly to Tyson. Appellant subsequently shot Tyson three times, including at least one time in the abdomen. Afterwards, appellant told Tyson, "Die, hoe ass n----r."

Tyson fled the scene by running toward a nearby highway. An off-duty TDC prison guard found him collapsed in the middle of the highway with blood coming from his abdomen. The guard transported Tyson to the local hospital in the back of his pickup. Tyson testified that he was subsequently "Life Flighted" to a Tyler hospital where he remained hospitalized for twenty-four or twenty-five days. He further testified that he was unconscious for eighteen of those days.

### Sufficiency of the Evidence

Appellant challenges the legal and factual sufficiency of the evidence in his first issue. We note at the outset of our analysis that the Texas Court of Criminal Appeals has now held in *Brooks v. State*, 323 S.W.3d 893 (Tex. Crim. App. 2010), that there is "no meaningful distinction between the *Jackson v. Virginia*[1] legal-sufficiency standard and the *Clewis*[2] factual-sufficiency standard"; that the *Jackson v. Virginia* standard is the "only standard that a reviewing court should apply in determining whether the evidence is sufficient to support each element of a criminal offense that the State is required to prove beyond a reasonable doubt"; and that "[a]ll other cases to the contrary, including *Clewis*, are overruled." *Brooks*, 323 S.W.3d at 895, 902, 912 (footnotes added). Accordingly, a challenge to the factual sufficiency of the evidence is no longer viable. We also note that appellant did not have the benefit of the opinion in *Brooks* when this case was briefed. We will review appellant's factual sufficiency challenge under the legal sufficiency standard set forth in *Jackson v. Virginia*. Under this standard, we must review all of the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307; *Brooks*, 323 S.W.3d at 899.

In conducting a legal sufficiency review, we are required to defer to the jury's role as the sole judge of the credibility of the witnesses and the weight their testimony is to be afforded.

---

[1]*Jackson v. Virginia*, 443 U.S. 307 (1979).

[2]*Clewis v. State*, 922 S.W.2d 126 (Tex. Crim. App. 1996).

*Brooks*, 323 S.W.3d at 899. This standard accounts for the factfinder's duty to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *Jackson v. Virginia*, 443 U.S. at 319; *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). When the record supports conflicting inferences, we presume that the factfinder resolved the conflicts in favor of the prosecution and, therefore, defer to that determination. *Jackson v. Virginia*, 443 U.S. at 326; *Clayton*, 235 S.W.3d at 778. Each fact need not point directly and independently to the guilt of the appellant, as long as the cumulative force of all the incriminating circumstances is sufficient to support the conviction. *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007).

Appellant bases his evidentiary challenge on a comment that Tyson made during cross-examination wherein he stated that he did not believe appellant knew what he was doing because appellant was on drugs at the time. Appellant contends that there is no evidence of the requisite intent based on Tyson's testimony that appellant did not know what he was doing. We disagree. As noted previously, appellant made statements at the time of the shooting expressing his intent to shoot Tyson. Furthermore, appellant's reliance on voluntary intoxication to negate the element of intent is prohibited by TEX. PENAL CODE ANN. § 8.04(a) (West 2011). Voluntary intoxication is not a defense to the commission of a crime, and evidence of an accused's intoxication "does not negate the elements of intent or knowledge." *Hawkins v. State*, 605 S.W.2d 586, 589 (Tex. Crim. App. 1980). Appellant's first issue is overruled.

*Oral Comment by Trial Court*

Appellant directs his second and third issues at an oral comment made by the trial judge at the conclusion of the reading of the charge of the court. The trial judge read the portion of the charge preceding the verdict form in its entirety. When the trial judge reached the verdict form, he stated: "And then the last page has three blanks and you will need to answer two of those. And I'll let the lawyers argue their respective positions about that." The verdict form provided as follows:

**<u>VERDICT</u>**

We, the Jury, find the Defendant, Tommie Simmons, guilty of the offense of Aggravated Assault with a Deadly Weapon as charged in the indictment.

_____
Foreperson

3

Do you find from the evidence beyond a reasonable doubt that the Defendant used or exhibited a deadly weapon, to-wit: a firearm, if he did during the commission of the offense alleged in the indictment?

ANSWER: "We do" or "We do not"

ANSWER: _____

_____
Foreperson

**OR**

We, the Jury, find the Defendant, Tommie Simmons, not guilty.

_____
Foreperson

Appellant directs his complaint to the trial judge's comment that the jury would need to answer two of the blanks. He alleges that this comment was erroneous because the jury would not need to answer two of the blanks if it found appellant not guilty. He contends in his second issue that this oral comment constituted an erroneous statement of the law, and he contends in his third issue that it constituted an improper comment on the weight of the evidence.

When an appellant alleges jury charge error on appeal, we first determine whether there is any error in the jury charge. *Hutch v. State*, 922 S.W.2d 166, 170 (Tex. Crim. App. 1996). If we conclude there is jury charge error, we must determine if the error caused sufficient harm to warrant reversal. *Id.* at 170–71. The extent of harm requiring reversal is dictated by whether the error was properly preserved. *Id.* at 171. Appellant acknowledges on appeal that he did not object to the trial judge's comment at the time it was made. Where the defendant failed to object to the error at trial, we may reverse only if the record shows that the error was so egregiously harmful that the defendant was denied a fair and impartial trial. *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985).

The State argues that the trial judge's comment did not constitute error because the jury could have answered two blanks on the verdict form and still found appellant not guilty. The State premises this argument on the contention that the jury could have answered "[w]e do not"

4

on the deadly weapon question, in addition to finding appellant not guilty. We disagree with the State's contention. As set forth above, the deadly weapon question was grouped together with the "guilty" question. This fact is evidenced by the bold "OR" following the deadly weapon question. The jury would have no reason to address the deadly weapon question if it found appellant not guilty. Accordingly, the trial judge's comment referencing the need to answer two questions on the verdict form constituted a comment on the weight of the evidence because it assumed the truth of a controverted issue. *Whaley v. State*, 717 S.W.2d 26, 32 (Tex. Crim. App. 1986). In this regard, the jury would need to answer two questions on the verdict form only if it found appellant guilty of the charged offense.

Having found error, we must now determine if it resulted in egregious harm. Egregious harm includes errors affecting the case's foundation, denying the defendant a valuable right, significantly affecting a defensive theory, or making the case for guilt or punishment clearly and substantially more compelling. *Hutch*, 922 S.W.2d at 171. In determining the degree of harm, we look to the entire jury charge, the state of the evidence, the arguments of counsel, and any other relevant information from the entire record. *Taylor v. State*, 332 S.W.3d 483, 489–90 (Tex. Crim. App. 2011); *Hutch*, 922 S.W.2d at 171; *Almanza*, 686 S.W.2d at 171. Errors that result in egregious harm are those that affect the very basis of the case, deprive the defendant of a valuable right, vitally affect the defensive theory, or make a case for conviction clearly and significantly more persuasive. *Taylor*, 332 S.W.3d at 490; *Hutch*, 922 S.W.2d at 171; *Almanza*, 686 S.W.2d at 172.

We first note the circumstances surrounding the oral comment. The trial judge made the comment at the conclusion of the reading of the court's charge essentially as an aside to the reading of the court's charge and the impending closing arguments to be given to the attorneys. The comment was not so inflammatory as to provoke an objection by trial counsel or a reference to it during closing argument. Furthermore, the written charge of the court contained the following application provision:

> Now, bearing in mind the foregoing instructions, if you find from the evidence beyond a reasonable doubt that on or about the 1st day of August, 2008, in Trinity County, Texas, the defendant, TOMMIE SIMMONS, did then and there intentionally, knowingly or recklessly cause serious bodily injury to Jarvis Tyson by shooting him with a firearm, or the defendant did intentionally, knowingly, or recklessly cause bodily injury to Jarvis Tyson and did then and there use or exhibit a deadly weapon, to-wit: a firearm, during the commission of said assault,

then you will find the defendant guilty of aggravated assault as charged in the indictment.

If you do not so find, or if you have a reasonable doubt thereof, you will find the defendant "Not Guilty."

Accordingly, the written instructions that accompanied the jury into its deliberations did not contain the error presented by the trial judge's oral comment. The jury deliberated for approximately twenty minutes without presenting any questions to the trial court about its responsibilities. In light of the overwhelming weight of the evidence presented at trial and the seemingly innocuous nature of the trial judge's oral comment, we conclude that appellant did not suffer egregious harm. We note in this regard that a timely objection and accompanying curative instruction would have readily corrected the trial judge's erroneous comment. *See Ladd v. State*, 3 S.W.3d 547, 567 (Tex. Crim. App. 1999). We conclude that the comment did not deprive appellant of a fair and impartial trial. Appellant's second and third issues are overruled.

*This Court's Ruling*

The judgment of the trial court is affirmed.


TERRY McCALL

JUSTICE


April 26, 2012

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Kalenak, J.