**Affirmed and Opinion Filed June 5, 2014**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-13-00940-CR

**MARK ALLEN HOLLIFIELD, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

### On Appeal from the 296th Judicial District Court
### Collin County, Texas
### Trial Court Cause No. 296-82328-2012

## OPINION

Before Justices Moseley, O'Neill, and FitzGerald
Opinion by Justice FitzGerald

Appellant was convicted of harassment of a public servant and sentenced to two years' imprisonment. In a single issue on appeal, appellant asserts the evidence is insufficient to support his conviction. Concluding appellant's argument is without merit, we affirm the trial court's judgment.

## BACKGROUND

Police officer Sara Borchers observed that appellant was almost hit by a car as he crossed Jupiter Road. The driver of the car had to slam on the brakes to avoid hitting appellant. Appellant also had an unsteady walk. When the officer approached appellant, she noticed that his clothes were soiled, his eyes were bloodshot, and his speech was incoherent. Appellant was completely unaware that he had almost been hit by a car. After officer Borchers attempted to administer a

field sobriety test, she determined that appellant was intoxicated, and a danger to himself and others. Appellant was placed under arrest.

When officer Borchers arrested appellant, he became belligerent. Officer Borchers searched appellant, and found a bottle of Alcatraz Sour Apple Shot. Appellant told Borchers he had HIV or AIDS, and spit on her face. But when appellant was booked into jail, he did not mention HIV or AIDS as one of his medical conditions.

Following a trial to the court, appellant was found guilty of harassment of a public servant and sentenced to two years' imprisonment.

## ANALYSIS

In a single issue, appellant challenges the sufficiency of the evidence to support his conviction for harassment of a public servant. Specifically, appellant argues that he was too intoxicated to form the requisite intent to harass, assault, or alarm officer Borchers.

In reviewing a challenge to the sufficiency of the evidence, we examine all the evidence in the light most favorable to the verdict and determine whether a rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Lucio v. State*, 351 S.W.3d 878, 894–95 (Tex. Crim. App. 2011). We are required to defer to the factfinder's credibility and weight determinations because the factfinder is the sole judge of the witnesses' credibility and the weight to be given their testimony. *See Jackson*, 443 U.S. at 326. The factfinder may choose to believe or disbelieve all or any part of any witness's testimony. *Taylor v. State*, 106 S.W.3d 827, 830 (Tex. App.—Dallas 2003, no pet.). Reasonable inferences may be drawn from the evidence presented at trial, and circumstantial evidence is as probative as direct evidence in establishing the guilt of an actor. *Hooper v. State,* 214 S.W.3d 9, 14 (Tex. Crim. App. 2007). "[I]t is not necessary that every fact point directly and independently to the defendant's guilt; it is enough if the conclusion is

warranted by the combined and cumulative force of all the incriminating circumstances." *Johnson v. State*, 871 S.W.2d 183, 186 (Tex. Crim. App. 1993).

The elements of harassment of a public servant as to officer Borchers are that appellant, with the intent to assault, harass, or alarm, and with the knowledge that Borchers was a public servant, caused Borchers to contact appellant's saliva while Borchers was lawfully discharging an official duty. *See* TEX. PENAL CODE ANN. § 22.11(a)(2) (West 2011).

Officer Borchers testified that appellant became angry and belligerent when he was arrested, and leveled a barrage of curses and insults at Borchers and the officer accompanying her. When Borchers asked appellant if he had anything sharp, he replied that he did have something that would stick or poke the officer. Appellant told officer Borchers that he would "kick her ass" if she "messed with him again." When officer Borchers attempted to buckle appellant's seatbelt in the patrol car, appellant told her that he had HIV or AIDS and spit on Borchers' face. Borchers testified that she was sure the spit did not result from appellant's yelling, and she believed he did it intentionally. Borchers further testified that she viewed appellant's behavior as harassing and assaultive.

The video of the incident taken from the patrol car was admitted into evidence, and a portion of the video was played for the court.

Officer Jason Ruffing also testified about booking appellant into jail. During the booking process, officer Ruffing questioned appellant about his medical conditions. Appellant did not mention HIV or AIDS, and reported only that he had hepatitis C and epilepsy. Officer Ruffing believed that appellant was under the influence, and appellant told Rushing that he had consumed twelve beers before he was arrested.

Appellant insists that his case is "vastly different" from the typical harassment of a public servant case because it involves an extremely intoxicated individual who was incapable of

–3–

exercising control over his normal faculties. We disagree. Voluntary intoxication is not a defense to the commission of crime. TEX. PENAL CODE ANN. § 8.04(a) (West 2011). Evidence of appellant's intoxication does not negate the element of intent. *See Hawkins v. State*, 605 S.W.2d 586, 589 (Tex. Crim. App. 1980).

Appellant also argues that "it is possible" that appellant did not intentionally spit on Borchers and it is "highly likely" that his extreme agitation resulted in involuntary spitting. It is well-established, however, that "one's acts are generally reliable circumstantial evidence of one's intent." *Laster v. State*, 275 S.W.3d 512, 524 (Tex. Crim. App. 2009). Mere possibilities, however, do not defeat the sufficiency of the evidence. In light of appellant's hostile and belligerent demeanor, the verbal abuse leveled at the officers, appellant's claim that he had a highly infectious and communicable disease, and Borchers' testimony that appellant intentionally spit on her, the trial court could reasonably conclude that appellant intended to spit on Borchers. Appellant's issue is overruled. The trial court's judgment is affirmed.


/Kerry P. FitzGerald/
KERRY P. FITZGERALD
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
130940F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

MARK ALLEN HOLLIFIELD, Appellant

No. 05-13-00940-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 296th Judicial District
Court, Collin County, Texas
Trial Court Cause No. 296-82328-2012.
Opinion delivered by Justice FitzGerald.
Justices Moseley and O'Neill participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered June 5, 2014

/Kerry P. FitzGerald/

KERRY P. FITZGERALD
JUSTICE