NO. 12-05-00057-CR
 
IN THE COURT OF APPEALS

TWELFTH COURT OF APPEALS DISTRICT

TYLER, TEXAS
ANTHONY EUGENE HARPER,                     §     APPEAL FROM THE 420TH
APPELLANT

V.                                                                         §     JUDICIAL DISTRICT COURT OF

THE STATE OF TEXAS,
APPELLEE                                                        §     NACOGDOCHES COUNTY, TEXAS
                                                                                                                                                            
MEMORANDUM OPINION
            Anthony Eugene Harper appeals his conviction for retaliation. Appellant’s counsel filed a
brief in compliance with Anders v. California, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493
(1967) and Gainous v. State, 436 S.W.2d 137 (Tex. Crim. App. 1969). We affirm.
 
Background
            Appellant was charged by indictment with retaliation, a third degree felony.


 More
specifically, the indictment alleged that on July 3, 2004, Appellant intentionally or knowingly
threatened to harm Tanner Barnwell by an unlawful act, to wit: threatening to cause bodily injury,
in retaliation for or on account of the service of Tanner Barnwell as a public servant, to wit: a
Nacogdoches Police Officer. At trial, Officer Tanner Barnwell testified that on July 3, he and his
training officer were dispatched to a location in Nacogdoches County regarding a possible
intoxicated person. Barnwell found Appellant sitting in his car in the driver’s seat with the door and
trunk open. When Barnwell approached, he noted that Appellant smelled of alcohol. After
Appellant failed at least two field sobriety tests, Barnwell determined that Appellant was intoxicated
and placed Appellant into custody in the back of the patrol car. At one point, Appellant kicked the
rear passenger window with his feet. According to Barnwell, Appellant damaged the frame of the
window. While driving Appellant to jail, Barnwell testified that Appellant yelled at him, threatening
to “whip” them if he ever saw them on the street. His alleged threats were laced with profanities and
racial slurs. According to Barnwell, Appellant threatened at least twice to beat him up. Barnwell’s
training officer, Jonathan Adams, testified that Appellant made one complete threat and several
partial threats. According to Adams, Appellant threatened to “beat” or “kick” them when he got out
of jail. Adams also stated that Appellant used racial slurs. Moreover, Adams testified that Appellant
kicked the back window of his patrol car several times, damaging it.
            At the conclusion of the trial, the jury found Appellant guilty of retaliation as charged in the
indictment and assessed punishment at four years of imprisonment and a $500 fine.


 Upon a
recommendation from the jury, the trial court suspended imposition of the sentence and placed him
on community supervision for three years. This appeal followed. 
 
Analysis pursuant to Anders v. California
            Appellant’s counsel filed a brief in compliance with Anders and Gainous, stating that she
has diligently reviewed the appellate record and is of the opinion that the record reflects no reversible
error and that there is no error upon which an appeal can be predicated. Appellant did not file a pro
se brief. From our review of Appellant’s brief, it is apparent that his counsel is well acquainted with
the facts in this case. In compliance with Anders, Gainous, and High v. State, 573 S.W.2d 807, 812
(Tex. Crim. App. 1978), counsel’s brief presents a chronological summation of the procedural
history of the case and further states that counsel is unable to raise any meritorious issues for appeal. 
            Nonetheless, Appellant’s counsel noted that, at jury selection, Appellant’s trial counsel
objected and stated its belief that the State peremptorily struck a juror based on race, i.e., a Batson
challenge. The United States Supreme Court has delineated a three-step process for properly
determining a Batson challenge. Ford v. State, 1 S.W.3d 691, 693 (Tex. Crim. App. 1999) (citing
Purkett v. Elem, 514 U.S. 765, 115 S. Ct. 1769, 131 L. Ed. 2d 834 (1995)). First, the opponent of
a peremptory challenge must make out a prima facie case of racial discrimination. Id. Second, the
proponent of the strike, the prosecutor, must respond with a race-neutral explanation. Id. The
prosecutor’s explanation must present a clear, specific, and legitimate reason for each challenge.
McGee v. State, 909 S.W.2d 516, 520 (Tex. App.–Tyler 1995, pet. ref’d). Unless a discriminatory
intent is inherent in the prosecutor’s explanation, the reason offered will be deemed race-neutral.
Purkett, 514 U.S. at 768, 115 S. Ct. at 1771 (quoting Hernandez v. New York, 500 U.S. 352, 360,
111 S. Ct. 1859, 1866, 114 L. Ed. 2d 395 (1991) (plurality opinion)). Finally, if a race-neutral
explanation is proffered, then, in the third step, the trial court must decide whether the opponent of
the strike has proved purposeful racial discrimination. Ford, 1 S.W.3d at 693. Further, in Texas,
once the State proffers a race-neutral explanation for its peremptory strike, the burden is on the
defendant to convince the trial court that the prosecution’s reasons were not race-neutral. Id.
            An appellate court reviews a Batson claim by examining the record in the light most
favorable to the ruling of the trial court. Camacho v. State, 864 S.W.2d 524, 528 (Tex. Crim. App.
1993). The standard of review is whether the ruling of the trial court was or was not “clearly
erroneous.” Id. To prevail, an appellant must establish that the reasons offered by the State for the
peremptory challenge were merely pretexual and a cover for a racially motivated challenge. Id. 
            In the case at hand, Appellant’s trial counsel stated that he believed the State
disproportionately and improperly struck a minority from the venire, more specifically, one of three
African-Americans on a panel of thirty-two persons. The trial court noted that two African-Americans were seated on the jury and, therefore, it did not believe the defendant had made a prima
facie case. However, the trial court requested that the prosecution state its reason for striking venire
member 6. The prosecutor stated that during voir dire, venire member 6 informed the trial court that
her boyfriend was due in court the next day on a theft charge. The State believed that would “cause
some animosity towards the State” and that she may have “some problem” with the State. 
Appellant’s trial counsel did not challenge the State’s explanation. The trial court found that the
State’s reason for striking venire member 6 was race-neutral and that there was no purposeful
discrimination. 
            The State’s explanation was clear, specific, and legitimate. See McGee, 909 S.W.2d at 520. 
Even if Appellant made a prima facie case of racial discrimination, he failed to prove that the State’s
reasons for striking venire member 6 were merely pretexual, not race-neutral, and a cover for a
racially motivated challenge. See Ford, 1 S.W.3d at 693; Camacho, 864 S.W.2d at 528. Therefore,
the trial court’s ruling on the State’s peremptory strike was not clearly erroneous. See Camacho, 864
S.W.2d at 528.
            Additionally, we note that Appellant’s trial counsel objected to the venire, complaining that,
in effect, the panel did not represent a fair cross-section of the community, more specifically
Hispanics. However, a proper challenge to the array or to quash the venire must be in writing, setting
forth distinctly the grounds for the challenge. See Tex. Code Crim. Proc. Ann. art. 35.07 (Vernon
1989); Lacy v. State, 899 S.W.2d 284, 288 (Tex. App.–Tyler 1995, no pet.). Further, when the
challenge is by the defendant, it must be supported by his affidavit or the affidavit of any credible
person. Tex. Code Crim. Proc. Ann. art. 35.07; Brokenberry v. State, 853 S.W.2d 145, 149 (Tex.
App.–Houston [14th Dist.] 1993, pet. ref’d). The record shows that trial counsel made his oral
motion before the beginning of the evidence at trial. However, no corresponding written motion
with an affidavit appears in the record. Without a supporting affidavit as required, nothing is
preserved for appellate review. See Stephenson v. State, 494 S.W.2d 900, 905 (Tex. Crim. App.
1973).
            Finally, Appellant’s counsel noted that trial counsel attempted to present the defense of
intoxication in order to negate the mental state necessary to commit the charged offense. The Texas
Penal Code, section 8.04 provides, in part, that “[v]oluntary intoxication does not constitute a
defense to the commission of crime.” Tex. Pen. Code Ann. § 8.04(a) (Vernon 2003); Hawkins v.
State, 605 S.W.2d 586, 588-89 (Tex. Crim. App. 1980). Appellant acknowledged that he became
intoxicated on the morning of July 3 because he could not remember the events of that day. In fact,
Appellant admitted that he suffered a “blackout.” Because Appellant acknowledged that he was
voluntarily intoxicated, the evidence of his intoxication does not negate the mental state necessary
for the offense of retaliation. See Hawkins, 605 S.W.2d at 588-89.
 
 
Conclusion
            We have reviewed the record for reversible error and have found none. As required by
Stafford v. State, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991), Appellant’s counsel has moved for
leave to withdraw. We carried the motion for consideration with the merits of the appeal. Having
done so and finding no reversible error, Appellant’s counsel’s motion for leave to withdraw is hereby
granted and the trial court’s judgment is affirmed.
 
 
 
                                                                                                    SAM GRIFFITH 
                                                                                                               Justice
 
 
Opinion delivered August 24, 2005.
Panel consisted of Worthen, C.J., Griffith, J., and DeVasto, J.
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
(DO NOT PUBLISH)