# NO. 12-16-00042-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *JERMEL LEWIS,*<br>*APPELLANT* | § | *APPEAL FROM THE* |
| *V.* | § | *COUNTY CRIMINAL COURT NO. 9* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *DALLAS COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Jermel Lewis appeals his conviction for "false report to peace officer." In two issues, Appellant contends the evidence is legally insufficient to support his conviction and he received ineffective assistance of counsel at trial. We affirm.

## BACKGROUND

Appellant called the police the morning of January 17, 2014, to report that his vehicle had been burglarized at a Denny's restaurant. He also reported that he was a city marshal and his service weapon had been taken. Officers Walter Sambola and Heidi Dragija of the Dallas Police Department responded to the call. After speaking with Appellant and the restaurant manager and reviewing the surveillance video, the officers determined that Appellant's vehicle may have been burglarized somewhere other than the Denny's. The following day, Appellant gave a written statement to Detective Craig Kier, who was assigned to investigate the alleged burglary. Appellant said in his written statement that the vehicle was burglarized at the Denny's. The case was then assigned to the Public Integrity Unit to determine whether Appellant's report was false. The Public Integrity Unit determined that Appellant had made a false report regarding the burglary of his vehicle.

Appellant was charged by information with "false report to peace officer" and waived his right to a jury trial. The trial court found him guilty, sentenced him to 120 days confinement, suspended for 12 months, imposed a $1,000 fine, and ordered him to pay court costs. This appeal followed.

**SUFFICIENCY OF THE EVIDENCE**

In his first issue, Appellant contends the evidence is legally insufficient to support his conviction. Specifically, he contends that the evidence does not support that he knowingly made a false statement.

## Standard of Review

In Texas, the *Jackson v. Virginia* legal sufficiency standard is the only standard that a reviewing court should apply in determining whether the evidence is sufficient to support each element of a criminal offense that the state is required to prove beyond a reasonable doubt. *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010). Legal sufficiency is the constitutional minimum required by the Due Process Clause of the Fourteenth Amendment to sustain a criminal conviction. *Jackson v. Virginia*, 443 U.S. 307, 316-17, 99 S. Ct. 2781, 2786-87, 61 L. Ed. 2d 560 (1979). The standard for reviewing a legal sufficiency challenge is whether any rational trier of fact would have found the essential elements of the offense beyond a reasonable doubt. *See id.* 443 U.S. at 320, 99 S. Ct. at 2789. The evidence is examined in the light most favorable to the verdict. *Id.* A successful legal sufficiency challenge will result in rendition of an acquittal by the reviewing court. *See Tibbs v. Florida*, 457 U.S. 31, 41-42, 102 S. Ct. 2211, 2217-18, 72 L. Ed. 2d 652 (1982). This familiar standard gives full play to the responsibility of the trier of fact to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from the basic facts to ultimate facts. *See Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789.

Under this standard, we may not sit as a thirteenth juror and substitute our judgment for that of the fact finder by reevaluating the weight and credibility of the evidence. *See Dewberry v. State*, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999); *see also Brooks*, 323 S.W.3d at 899. Instead, we defer to the fact finder's resolution of conflicting evidence unless the resolution is not rational. *See Brooks*, 323 S.W.3d at 899-900. The duty of a reviewing court is to ensure that

the evidence presented actually supports a conclusion that the defendant committed the crime charged.  *See Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007).

The sufficiency of the evidence is measured against the offense as defined by a hypothetically correct jury charge.  *See Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997).  Such a charge would include one that "accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant is tried." *Id.*

## Applicable Law

A person commits the offense of "false report to peace officer" if, with intent to deceive, he knowingly makes a false statement that is material to a criminal investigation to a peace officer conducting the investigation or any employee of a law enforcement agency authorized to conduct the investigation and that the actor knows is conducting the investigation.  TEX. PENAL CODE ANN. § 37.08(a) (West Supp. 2015).  A person acts knowingly with respect to the nature of his conduct or to circumstances surrounding his conduct when he is aware of the nature of his conduct or that the circumstances exist.  *Id*. § 6.03(b) (West 2011).  A person acts knowingly with respect to a result of his conduct when he is aware that his conduct is reasonably certain to cause the result.  *Id*.

To prove that the defendant knew the offense or incident did not occur, it is normally sufficient to show that the defendant was aware that the circumstances surrounding his conduct existed.  *McGee v. State*, 671 S.W.2d 892, 895 (Tex. Crim. App. 1984).  The culpable mental state can be shown by an inference arising from the proof of the actual state of the facts coupled with the defendant's opportunity to perceive them.  *Id.*  A defendant's mental state can be inferred from circumstantial evidence.  *See Sandler v. State*, 728 S.W.2d 829, 831 (Tex. App.—Dallas 1987, no pet.).

Voluntary intoxication is not a defense to the commission of a crime.  TEX. PENAL CODE ANN.  8.04(a) (West 2011).  Evidence of a defendant's voluntary intoxication does not negate the *mens rea* elements of intent or knowledge.  *Hawkins v. State*, 605 S.W.2d 586, 589 (Tex. Crim. App. 1980).

**Analysis**

The restaurant manager and the investigating officers with the Dallas Police Department testified at trial. The restaurant's surveillance video and Appellant's written statement were admitted into evidence.

Jean Jackson, the Denny's restaurant manager, testified that a van entered the Denny's parking lot on the morning of January 17, 2014. She stated that Appellant exited the vehicle and walked around it. Jackson further testified that Appellant entered the restaurant approximately five minutes later and informed her that he had called the police because someone had broken into his vehicle and stolen his gun. Jackson stated that she could observe the parking lot from inside the restaurant and did not see anyone break into Appellant's vehicle.

Officer Walter Sambola testified that he and his partner, Heidi Dragija, responded to a report of a burglary by an off-duty officer at the Denny's. He stated that Appellant approached them when they arrived and told them his vehicle had been burglarized and his service firearm stolen. Officer Sambola recounted that Appellant initially stated that he went into the restaurant to use the restroom and came back to find his vehicle burglarized. He also related that Appellant's story changed many times. Appellant's stories included that (1) he went inside to tell the management that he had several people coming to meet him; (2) he went inside to use the restroom and realized he had forgotten his wallet in his vehicle; and (3) he went inside, spoke with the manager, ordered a meal, and realized he had left his wallet. In each of Appellant's stories, he returned to his vehicle to find it burglarized. Officer Sambola testified that he watched the surveillance video, which did not corroborate any of Appellant's stories. He also testified that Appellant appeared to be intoxicated. Officer Dragija testified to the same events.

Lieutenant Christopher Jaquez with the Dallas Police Department testified that he spoke with Appellant at the scene and that he believes Appellant still had his mental faculties. He stated that he watched the surveillance video and informed Appellant of the differences between the video and Appellant's statements. Lieutenant Jaquez testified that he asked Appellant if he was sure he wanted to "make the offense" because of the contradictions. He further stated that it appeared Appellant, despite his intoxication, was aware of what was happening and made his statements knowingly.

Sean Kearney, a crime scene analyst with the Dallas Police Department, testified that he spoke with both Appellant and the officers. He stated that Appellant told him that his vehicle

4

had been burglarized and items taken from the center console. Kearney further testified that the center console was full of CDs and DVDs, which would make it difficult for a firearm to fit inside the console.

Detective Craig Kier testified that he spoke with Appellant the day after the incident. He stated that he called Appellant to come to the police station for an interview and that Appellant came freely and voluntarily. According to Detective Kier, Appellant gave a written statement during the meeting, in which he again stated that the vehicle was burglarized at Denny's. The detective also testified that the case was assigned to the Public Integrity Unit because the investigating officers believed Appellant's had falsely reported that his vehicle was burglarized at Denny's.

Detective Catherine Thornton with the Public Integrity Unit testified that she found evidence that Appellant gave false information to the patrol officers and the detective. She further stated that this information was material because Appellant stated his vehicle was burglarized at Denny's when it was not burglarized there. According to Detective Thornton, she believes Appellant gave this information knowingly.

The surveillance video from the Denny's parking lot shows Appellant pulling into the parking lot. He then exits his vehicle and walks around it. Appellant next opens the passenger doors and gets something out of the back seat. He places the item on the ground and appears to make a phone call.

Appellant asserts that he was intoxicated when he reported the burglary and therefore could not have knowingly made a false statement. However, voluntary intoxication is not a defense to the commission of a crime. TEX. PENAL CODE ANN. § 8.04(a) (West 2011). And voluntary intoxication does not negate the elements of either intent or knowledge. *Hawkins v. State*, 605 S.W.2d 586, 589 (Tex. Crim. App. 1980). Appellant has not claimed that his intoxication was involuntary. Therefore, he cannot rely on his intoxication as a defense. *See* TEX. PENAL CODE ANN. § 8.04(a).

It was within the province of the factfinder to determine which of the evidence to credit and which to reject. *See Hooper v. State*¸ 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). The court chose to accept the restaurant manager's testimony and the testimony of the officers over Appellant's statements. Further, there is testimony that Appellant appeared to understand what was happening and knew what he was saying to the officers. The statements he made to the

officers were memorialized in Appellant's written statement the next day. In addition, according to the manager and the surveillance video, Appellant called the police before he went into the restaurant. This is further evidence that he knew his vehicle was not burglarized at Denny's. Therefore, after reviewing the evidence in the light most favorable to the verdict, we conclude that a rational factfinder could have found the essential elements of "false report to peace officer" beyond a reasonable doubt. *See* TEX. PENAL CODE ANN. § 37.08(a).

The evidence is legally sufficient to support the trial court's finding of guilt. Accordingly, Appellant's first issue is overruled.

### INEFFECTIVE ASSISTANCE OF COUNSEL

In his second issue, Appellant contends he received ineffective assistance of counsel when his trial counsel failed to accept a continuance and failed to call a particular witness during the guilt-innocence phase of trial.

## Governing Law

In reviewing an ineffective assistance of counsel claim, we apply the United States Supreme Court's two-pronged test established in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). *Hernandez v. State*, 726 S.W.2d 53, 56–57 (Tex. Crim. App. 1986). To prevail on an ineffective assistance of counsel claim, an appellant must show that (1) trial counsel's representation was deficient and that (2) the deficient performance prejudiced the defense to the extent that there is a reasonable probability that the result of the proceeding would have been different but for trial counsel's deficient performance. *Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064. An appellant must prove both prongs of *Strickland* by a preponderance of the evidence. *Tong v. State*, 25 S.W.3d 707, 712 (Tex. Crim. App. 2002). Failure to make the required showing of either deficient performance or sufficient prejudice defeats an appellant's ineffectiveness claim. *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999).

To establish deficient performance, an appellant must show that trial counsel's representation fell below an objective standard of reasonableness under prevailing professional norms. *See Strickland*, 466 U.S. at 687–88, 104 S. Ct. at 2064–65. "This requires showing that [trial] counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.*, 466 U.S. at 687, 104 S. Ct. at 2064. To establish prejudice, an appellant must show that there is a reasonable probability that, but for

6

counsel's deficient performance, the result of the proceeding would have been different. *Id.*, 466 U.S. at 694, 104 S. Ct. at 2068. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Id.* When it is easier for a reviewing court to dispose of an ineffective assistance of counsel on the ground of lack of sufficient prejudice without determining whether counsel's performance was deficient, the court should follow that course. *Id.*, 466 U.S. at 697, 104 S. Ct. at 2056.

Review of trial counsel's representation is highly deferential. *See id.*, 466 U.S. at 689, 104 S. Ct. at 2065. In our review, we indulge a strong presumption that trial counsel's actions fell within a wide range of reasonable and professional assistance. *Id.* It is the appellant's burden to overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy. *Id.*; *Tong*, 25 S.W.3d at 712. Moreover, "[a]ny allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness." *See Thompson*, 9 S.W.3d at 813 (citation omitted). When, as here, no record specifically focusing on trial counsel's conduct was developed at a hearing on a motion for new trial, it is extremely difficult to show that counsel's performance was deficient. *See Bone v. State*, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002); *Thompson*, 9 S.W.3d at 814. Absent an opportunity for trial counsel to explain the conduct in question, we will not find deficient performance unless the challenged conduct was "so outrageous that no competent attorney would have engaged in it." *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005) (citation omitted).

## Evaluation of Trial Counsel's Representation

Appellant argues that his counsel's performance was defective in two respects. He first points out that at the pretrial hearing, trial counsel was given photographs that he believed he had not received previously. Appellant's counsel stated that the photographs may have made a difference in his preparation because they clarified matters. The trial court offered trial counsel a continuance, but counsel elected instead to object when the photographs were offered during the trial. The trial court overruled his objection and offered him a continuance for a second time. Trial counsel again declined.

Next, Appellant states that after the investigating officers arrived at Denny's, they concluded that Appellant was intoxicated. As a result, they allowed a friend of Appellant to drive him home. Trial counsel did not call the friend to testify at trial.

Appellant argues that trial counsel's failure to accept the offered continuance and to call Appellant's friend as a witness at trial constituted ineffective assistance. However, we need not address whether trial counsel's performance was defective because Appellant has not shown prejudice. *See Strickland*, 466 U.S. at 697, 104 S. Ct. at 2056 (advising that, when easier, reviewing court should dispose of ineffective assistance claim on lack of sufficient prejudice).

Appellant does not explain how he was prejudiced by his trial counsel's alleged deficient performance. Rather, he states only that "the actions of trial counsel fell below an objective standard of reasonableness which prejudiced Appellant." It is not enough for an appellant to simply assert that the errors had some conceivable effect on the outcome of the proceedings. *See Burress v. State*, 20 S.W.3d 179, 186 (Tex. App.–Texarkana 2000, pet. ref'd).

The burden to show prejudice rests on Appellant. *Id*. He has failed to meet that burden and, as a result, has failed to satisfy the second prong of *Strickland*. *See Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068. Therefore, his ineffective assistance claim fails. Accordingly, we overrule Appellant's second issue.

## DISPOSITION

Having overruled Appellant's first and second issues, we *affirm* the trial court's judgment.

**GREG NEELEY**
Justice

Opinion delivered July 20, 2016.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

JULY 20, 2016

NO. 12-16-00042-CR

**JERMEL LEWIS,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the County Criminal Court No 9

of Dallas County, Texas (Tr.Ct.No. MB14-75049-K)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Greg Neeley, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*