**Affirmed and Opinion filed May 21, 2013.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-11-01056-CR

---

**BRANDON WAYNE CANNON, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 248th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1271786**

## O P I N I O N

Appellant Brandon Wayne Cannon appeals from his conviction for murder. A jury found appellant guilty and assessed punishment at life in prison and a $10,000 fine. In his sole issue on appeal, appellant contends that the trial court violated his constitutional right to due process by instructing the jury on a lesser-included offense, murder, that was not included within the proof necessary to establish the charged offense of capital murder. We affirm.

*Background*

The indictment against appellant in this case reads as follows:

> The duly organized Grand Jury of Harris County, Texas, presents in the District Court of Harris County, Texas, that in Harris County, Texas, [B]RANDON WAYNE CANNON, hereafter styled the Defendant, heretofore on or about JULY 14, 2010, did then and there unlawfully, during the same criminal transaction, intentionally and knowingly cause the death of DANIELLE COATS by SHOOTING DANIELLE COATS WITH A DEADLY WEAPON, NAMELY A FIREARM, and intentionally and knowingly cause the death of MARK WILLIAMS by SHOOTING MARK WILLIAMS WITH A DEADLY WEAPON, NAMELY A FIREARM.

This indictment was sufficient to prosecute appellant for capital murder under Texas Penal Code section 19.03(a). Tex. Penal Code § 19.03(a). Among the possible bases for a capital murder charge under section 19.03 is proof that a person commits murder as defined by section 19.02(b)(1) and murders more than one person during the same criminal transaction. *Id*. § 19.03(a)(7).

Evidence at trial indicated that appellant shot and killed Danielle Coats and Mark Williams with a pistol.[1] There is evidence that a false drug sale was arranged in order for appellant to rob Coats and Williams. Appellant got into the back seat of a vehicle with Williams in the driver's seat and Coats in the front passenger seat. While appellant was attempting to rob Coats and Williams, the vehicle began to move forward. Appellant then hit Williams on the back of the head with a pistol. Appellant also apparently tried to leave the back seat but the door was locked. Williams failed to unlock the door, and both he and Coats began "moving around" in the front seat. Appellant shot Williams several times and Coats once.

---

[1] The evidence at trial consisted mostly of testimony from alleged associates of appellant, who spoke with him before and after the shootings took place, as well as forensic and other investigative testimony from police officers. Appellant's primary defensive theory at trial was self-defense.

Both died as a result of being shot by appellant.

The jury charge included an instruction on self-defense as well as an option for finding appellant not guilty. The charge also included options for the jury to find appellant guilty of capital murder (*i.e.*, for murdering both Coats and Williams), the murder of only Coats, or the murder of only Williams. In the charge, the trial court provided two alternative definitions for murder. The first, pursuant to Penal Code section 19.02(b)(1), required proof that appellant intentionally or knowingly caused the death of an individual. Tex. Penal Code § 19.02(b)(1). The second, pursuant to Penal Code section 19.02(b)(2), required proof that appellant intended to cause serious bodily injury and committed an act clearly dangerous to human life that caused the death of an individual. *Id*. § 19.02(b)(2).

The jury found appellant guilty only of the murder of Coats.[2] The jury was not asked, and thus did not indicate, whether it applied the definition of murder under section 19.02(b)(1) or section 19.02(b)(2).

## Discussion

Appellant contends in a single issue that the trial court erred in including the definition of murder under section 19.02(b)(2) in the charge as a lesser-included offense of capital murder as charged in the indictment. Appellant did not object to the charge, so a reversal is warranted only if he is able to demonstrate both charge error and egregious harm resulting from that error. *Ngo v. State*, 175 S.W.3d 738, 743 (Tex. Crim. App. 2005).

---

[2] The jury may have determined that there was a reasonable doubt regarding whether appellant killed Williams in self-defense. Appellant's evidence on self-defense regarding Williams was that Williams was in control of the vehicle and allegedly moved it forward and refused to unlock the doors when appellant tried to rob him. There was also an indication Williams may have reached under his seat immediately before being shot.

Whether one offense is a lesser-included offense of another is governed by article 37.09 of the Texas Code of Criminal Procedure, which states in full:

An offense is a lesser included offense if:

(1) it is established by proof of the same or less than all the facts required to establish the commission of the offense charged;

(2) it differs from the offense charged only in the respect that a less serious injury or risk of injury to the same person, property, or public interest suffices to establish its commission;

(3) it differs from the offense charged only in the respect that a less culpable mental state suffices to establish its commission; or

(4) it consists of an attempt to commit the offense charged or an otherwise included offense.

Tex. Code. Crim. Proc. art. 37.09.

Texas courts have interpreted article 37.09 as providing a two-step process for determining whether a lesser-included offense instruction is appropriate in a given case. *Hall v. State*, 225 S.W.3d 524, 531 (Tex. Crim. App. 2007). Under the first step, which is purely a question of law, we compare the elements of the offense charged in the indictment against the statutory elements of the potential lesser-included offense to determine whether the lesser offense could be a lesser-included offense. *Id*. at 535-36. Under the second step, we consider whether there is evidence in the record that supports the giving of the lesser-included offense instruction. *Id*. at 536. Here, appellant raises arguments relevant only to the first step of the analysis; he does not contend, if the instruction under section 19.02(b)(2) was proper, that there was insufficient evidence to support its submission to the jury. Accordingly, we will address only the first step of the lesser-included offense analysis.

4

In applying the first step, we do not consider the evidence presented at trial but only consider the statutory elements of capital murder as modified by the particular allegations in the indictment. *Id.* In the inquiry, we do not consider what the evidence at trial may show but only what the State is required to prove to establish the charged offense. *McKithan v. State*, 324 S.W.3d 582, 593 (Tex. Crim. App. 2010). To prove capital murder as charged in this case, the State was required to show appellant intentionally and knowingly caused the deaths of Coats and Williams during the same criminal episode by shooting them with a firearm.

We next must compare these elements to those of the potential lesser-included offense, murder under section 19.02(b)(2), and decide whether the elements of the lesser offense are functionally the same or less than those required to prove the charged offense. *Rice v. State*, 333 S.W.3d 140, 144 (Tex. Crim. App. 2011). A person commits murder under section 19.02(b)(2) when that person (1) intends to cause serious bodily injury and (2) commits an act clearly dangerous to human life that (3) causes the death of an individual. Tex. Penal Code § 19.02(b)(2). The ultimate question, in accordance with article 37.09(1), is whether the elements of the lesser offense are "established by proof of the same or less than all the facts required to establish the commission of the offense charged." *Hall*, 225 S.W.3d at 536. Appellant contends that the answer to this query in this case is "no," that the elements of murder under section 19.02(b)(2) are not established by proof of the same or less than all the facts required to establish capital murder as charged in the indictment. Specifically, appellant contends that murder under section 19.02(b)(2) requires proof of two elements not proven by the same or less than all of the facts required for capital murder: (1) intent to cause serious bodily injury and (2) commission of an act clearly dangerous to human life. We disagree.

Regarding the first allegedly different element, proof that a person intentionally and knowingly caused the death of two individuals by shooting them, as required by the charge in this case, would also prove that that person intended to cause serious bodily injury of each person. The Penal Code defines "serious bodily injury" to include injury "that causes death." Tex. Penal Code § 1.07(46); *see also Jackson v. State*, 992 S.W.2d 469, 475 (Tex. Crim. App. 1999) (equating death with "serious bodily injury"). Death is, essentially, the most serious bodily injury. Accordingly, proof that appellant intentionally and knowingly caused the deaths of two people by shooting them would also prove appellant intended to cause serious bodily injury to at least one person as required by section 19.02(b)(2).

Regarding the second allegedly different element, proof that a person shot someone else with a firearm, as required by the charge in this case, would also prove that that person committed an act clearly dangerous to human life. *See, e.g., Cavazos v. State*, 382 S.W.3d 377, 384 (Tex. Crim. App. 2012) (recognizing shooting someone with a firearm is an act clearly dangerous to human life); *Hambrick v. State*, 369 S.W.3d 535, 539 (Tex. App.—Houston [1st Dist.] 2012, no pet.) (same). Thus, under section 19.03(a)(7), as modified by the indictment in this case, the elements of the lesser offense of murder under section 19.02(b)(2) are "established by proof of the same or less than all the facts required to establish the commission of the offense charged." *Hall*, 225 S.W.3d at 536; *see also Hudson v. State*, No. PD-0768-12, 2013 WL 1222721, at *2 (Tex. Crim. App. March 27, 2013) (acknowledging murder under 19.02(b)(2) can be a lesser-included offense of capital murder). Simply put, the facts alleged in the capital murder indictment, if established, would also prove the lesser-included offense of murder.

The first step in the lesser-included offense analysis—comparing the elements of the offense charged in the indictment against the statutory elements of the potential lesser-included offense to determine whether the lesser offense could be a lesser-included offense—is thus satisfied in this case. As stated above, appellant does not make any arguments concerning the second step in the analysis. Consequently, we overrule appellant's sole issue.

We affirm the trial court's judgment.


/s/    Martha Hill Jamison
Justice

Panel consists of Justices Frost, Christopher, and Jamison.

Publish — TEX. R. APP. P. 47.2(b).