**Opinion filed November 4, 2021**



In The

# Eleventh Court of Appeals

_____

## No. 11-19-00331-CR

_____

## RICARDO KELLY, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 142nd District Court**
**Midland County, Texas**
**Trial Court Cause No. CR52972**

## M E M O R A N D U M   O P I N I O N

The trial court convicted Ricardo Kelly of assault of a peace officer. *See* TEX. PENAL CODE ANN. § 22.01(a)(1), (b-2) (West Supp. 2020). The trial court assessed his punishment at confinement in the Institutional Division of Texas Department of Criminal Justice for a term of five years. Appellant challenges his conviction in three issues. We affirm.

*Background Facts*

On January 9, 2019, Officer Gage Smith and Officer Zachary McCammond responded to a call for service at a residence in Midland. Both officers responded wearing their standard Midland police officer uniforms and driving their standard patrol vehicles. Dispatch advised the officers that there was a man in the house who was acting very erratic and was being restrained by other occupants of the house.

Officer Smith testified that, as they approached the house, they could hear screaming. An occupant of the home guided the officers through the house to where Appellant was located. That same occupant also informed the officers that he did not know why Appellant was acting the way he was acting.

When the officers found Appellant, "[h]e was sitting down, had his feet -- his knees brought up to his chest. He was screaming. Very wide-eyed, looking all around." Appellant reacted violently when Officer Smith and Officer McCammond shined their flashlights on him. A nearby occupant in the home told Officer Smith that the flashlights were causing Appellant to react aggressively. Appellant agreed with the occupant's statement, indicating to Officer Smith that Appellant understood what the officers were telling him. Officer Smith testified that it appeared to him that Appellant was hallucinating; he believed that Appellant was high on methamphetamine.

Officer Smith verbally tried to calm Appellant down, but he quickly learned that words alone were not working. Officer Smith then tried to go "hands-on" with Appellant to calm him down. It was at this point when Appellant began to kick and grab at Officer Smith. In response to this conduct, Officer McCammond stepped in to aid Officer Smith in restraining Appellant. At this point, Sergeant Corson arrived on scene and observed a silver object in Appellant's hand, which he believed was a knife.

After observing the silver object in Appellant's hand, Officer Smith decided that they needed to place Appellant in handcuffs as quickly as possible due to potential safety risks. As the officers were attempting to handcuff Appellant and get him to his feet, Appellant "began actively resisting, pulling away, refusing to stand up, still screaming and kicking, [and] grabbing onto other officers." Once on his feet, Appellant began flailing his arms and pulling away from the officers. It took Officer Smith, Officer McCammond, and Sergeant Corson to finally get the handcuffs on Appellant.

After Appellant was handcuffed, the officers removed him from the residence and determined that he did not have a knife. While handcuffed, Appellant continued resisting arrest. Officer McCammond placed Appellant in the back of another officer's patrol car on his stomach. Because of Appellant's behavior while the officers were trying to handcuff him, and Appellant's continued resistance once the handcuffs were on, Sergeant Corson and Officer McCammond decided that Officer McCammond should ride in the back of the patrol car with Appellant. While transporting Appellant to the Midland County Jail, Officer McCammond lay on top of Appellant to further restrain him, as he was continuing to struggle in the back of the patrol car.

Once the officers arrived at the jail, Officer McCammond attempted to remove Appellant from the patrol car. Officer McCammond first tried to get control of Appellant's legs and remove him from the car. However, instead of complying with Officer McCammond and exiting the car, Appellant "pulled his one leg forward and then kicked backwards into [Officer McCammond's] leg." Officer McCammond then got back on top of Appellant to control him and remove him from the car. Officer McCammond then had Appellant placed in a "restraint chair" to complete Appellant's booking.

The State charged Appellant by indictment with assault of a peace officer. The State alleged that Appellant intentionally, knowingly, and recklessly caused bodily injury to Officer McCammond by kicking and stomping him.

*Analysis*

We address Appellant's first and third issues together because both issues challenge the sufficiency of the evidence supporting Appellant's conviction. In Appellant's first issue, he contends that there was insufficient evidence that he possessed the requisite mens rea to assault a police officer. In his third issue, Appellant makes a general challenge to the sufficiency of the evidence supporting his conviction.

A person commits assault if he intentionally, knowingly, or recklessly causes bodily injury to another. *Id.* § 22.01(a)(1). The offense becomes assault on a peace officer and is a felony of the second degree if it is committed against a person the actor knows is a peace officer while the peace officer is lawfully discharging an official duty. *Id.* § 22.01(b-2).

We review a challenge to the sufficiency of the evidence under the standard of review set forth in *Jackson v. Virginia*, 443 U.S. 307 (1979). *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010); *Polk v. State*, 337 S.W.3d 286, 288–89 (Tex. App.—Eastland 2010, pet. ref'd). Under the *Jackson* standard, we review all of the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson*, 443 U.S. at 319; *Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010).

When conducting a sufficiency review, we consider all the evidence admitted at trial, including pieces of evidence that may have been improperly admitted. *Winfrey v. State*, 393 S.W.3d 763, 767 (Tex. Crim. App. 2013) (*Winfrey II*); *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). We defer to the

4

factfinder's role as the sole judge of the witnesses' credibility and the weight witness testimony is to be afforded. *Brooks*, 323 S.W.3d at 899. This standard accounts for the factfinder's duty to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *Jackson*, 443 U.S. at 319; *Clayton*, 235 S.W.3d at 778. When the record supports conflicting inferences, we presume that the factfinder resolved the conflicts in favor of the verdict and defer to that determination. *Jackson*, 443 U.S. at 326; *Clayton*, 235 S.W.3d at 778.

It is not necessary that the evidence directly prove the defendant's guilt; circumstantial evidence is as probative as direct evidence in establishing a defendant's guilt, and circumstantial evidence can alone be sufficient to establish guilt. *Carrizales v. State*, 414 S.W.3d 737, 742 (Tex. Crim. App. 2013) (citing *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007)). Each fact need not point directly and independently to guilt if the cumulative force of all incriminating circumstances is sufficient to support the conviction. *Hooper*, 214 S.W.3d at 13. Because evidence must be considered cumulatively, appellate courts are not permitted to use a "divide and conquer" strategy for evaluating the sufficiency of the evidence. *Murray v. State*, 457 S.W.3d 446, 448 (Tex. Crim. App. 2015). Instead, appellate courts must consider the cumulative force of all the evidence. *Villa v. State*, 514, S.W.3d 227, 232 (Tex. Crim. App. 2017).

In his first and third issues, Appellant contends that he did not possess the requisite mens rea to assault Officer McCammond and that, therefore, his conviction is not supported by sufficient evidence. A person acts intentionally "when it is his conscious objective or desire to engage in the conduct or cause the result." PENAL § 6.03(a) (West 2021). A person acts knowingly "when he is aware that his conduct is reasonably certain to cause the result." *Id.* § 6.03(b). A person acts recklessly

5

"when he is aware of but consciously disregards a substantial and unjustifiable risk that the circumstances exist or the result will occur." *Id.* § 6.03(c).

Appellant suggests that the evidence was insufficient to show that he knew that Officer McCammond was a police officer. We disagree. However, Appellant kicked Officer McCammond after three or four police officers handcuffed him and transported him to jail in a marked police car with Officer McCammond physically restraining him in the patrol car by lying on top of Appellant. Accordingly, the trial court could have reasonably inferred that Appellant knew that Officer McCammond was a police officer at the time Appellant assaulted him.

Appellant next contends that because of his mental condition, and possible intoxication, he was incapable of forming any level of intent necessary to be guilty of assaulting a police officer. "Voluntary intoxication does not constitute a defense to the commission of a crime." PENAL § 8.04(a). Furthermore, evidence of intoxication "does not negate the elements of intent or knowledge." *Hawkins v. State*, 605 S.W.2d 586, 589 (Tex. Crim. App. [Panel Op.] 1980). Therefore, it is irrelevant whether Appellant was under the influence at the time he committed the offense.

A person's intent to commit a crime "can be inferred from the acts, words, and conduct of the accused." *Patrick v. State*, 906 S.W.2d 481, 487 (Tex. Crim. App. 1995). Throughout all of Appellant's interactions with the police, Appellant was actively resisting the officers' attempts to calm him down, place handcuffs on him, and take him to their patrol car. Because of Appellant's actions, Officer McCammond and Sergeant Corson felt it was necessary for Officer McCammond to ride on top of Appellant to the Midland jail to prevent Appellant from further harming himself, other officers, or the property within the patrol car. Additionally, Appellant continued to struggle while being transported to the jail. Based on Appellant's resistance throughout the entire interaction with the police, a reasonable

6

factfinder could infer that Appellant intentionally, knowingly, or—at the very least—recklessly kicked Officer McCammond in an attempt to further resist the police.

Appellant also contends that he could not have acted intentionally, knowingly, or recklessly because he was merely acting reflexively and never took "aim" at Officer McCammond. The record does not support this contention. Officer McCammond testified as follows:

Q. So at the point where he actually kicked you, can you describe for the Court how he did that?

A. It was kind of like a donkey kick, I guess would be the best way to describe it. He pulled his one leg forward and then kicked backwards into my leg.

Q. Did he do that more than once or just the one time?

A. One time, sir.

Q. And at that point in time when he did that, had you just gotten off of him?

A. Yes, sir.

Q. So no question that he would have known you were still very close to him at the point when he kicked you, correct?

A. Yes, sir.

The testimony shows that Appellant was aware that Officer McCammond was near him and that, by moving his leg forward and then kicking it back, Appellant disregarded the risk that his leg would strike Officer McCammond. Appellant was also conscious for the entire encounter with the police, and there was testimony to show that Appellant was able to understand the things the police said to him.

Appellant's final contention regarding the sufficiency of the evidence is that because Officer McCammond was "barely injured," Appellant lacked a culpable mental state. The Penal Code defines "bodily injury" as "physical pain, illness, or

7

any impairment of physical condition." PENAL § 1.07(a)(8). "Any physical pain, however minor, will suffice to establish bodily injury." *Garcia v. State*, 367 S.W.3d 683, 688 (Tex. Crim. App. 2012). Here, Officer McCammond testified that the kick caused him pain. Accordingly, it is irrelevant that Officer McCammond did not experience any lasting injuries from the kick.

Considering all the evidence in the light most favorable to the verdict, we hold that there was sufficient evidence for the trial court to have determined beyond a reasonable doubt that Appellant committed assault upon a peace officer by kicking Officer McCammond. We overrule Appellant's first and third issues.

In Appellant's second issue, he contends that he received ineffective assistance of counsel. Specifically, Appellant contends that his trial counsel was ineffective because trial counsel "failed to call a single witness" and "minimally questioned the State's witnesses." To establish that trial counsel rendered ineffective assistance at trial, Appellant must show that counsel's representation fell below an objective standard of reasonableness and that there is a reasonable probability that the result would have been different but for counsel's errors. *Thompson v. State*, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999) (citing *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984)).

A reasonable probability is a probability sufficient to undermine confidence in the outcome of the trial. *Strickland*, 466 U.S. at 694. There is a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance, and the defendant must overcome the presumption that the challenged action could be considered sound trial strategy. *Id.* at 689.

A claim of ineffective assistance of counsel "must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness." *Thompson*, 9 S.W.3d at 814 (quoting *McFarland v. State*, 928 S.W.2d 482, 500 (Tex. Crim. App. 1996)). Direct appeal is usually an inadequate

8

vehicle to raise such a claim because the record is generally undeveloped. *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005). Direct appeal is especially inadequate when counsel's strategy does not appear in the record. *Id.* Trial counsel should ordinarily have an opportunity to explain his actions before an appellate court denounces counsel's actions as ineffective. *Id.* Without this opportunity, an appellate court should not find deficient performance unless the challenged conduct was "so outrageous that no competent attorney would have engaged in it." *Id.* (quoting *Garcia v. State*, 57 S.W.3d 436, 440 (Tex. Crim App. 2001)).

We note at the outset that although Appellant filed a motion for new trial, he did not assert ineffective assistance of counsel. Furthermore, it does not appear that a hearing occurred on Appellant's motion for new trial. Accordingly, trial counsel has not had an opportunity to explain his actions at trial.

Appellant asserts that trial counsel was deficient because counsel did not call any witnesses in favor of Appellant. To establish prejudice because of trial counsel's failure to call these witnesses during the guilt/innocence phase of trial, Appellant is required to show that such witnesses were available and that he would have benefited from their testimony. *Perez v. State*, 310 S.W.3d 890, 894 (Tex. Crim. App. 2010) (citing *King v. State*, 649 S.W.2d 42 (Tex. Crim. App. 1983)). Nowhere in the record does Appellant show that there were witnesses available for his trial counsel to call that would have provided testimony beneficial to Appellant. Accordingly, Appellant has failed to show that trial counsel was ineffective for failing to call witnesses.

Appellant additionally contends that his trial counsel was ineffective because counsel only minimally cross-examined the State's witnesses. As noted above, trial counsel has not had an opportunity to explain or defend his trial strategy in response to the matters that Appellant contends were deficient. Appellant essentially contends

that such an inquiry is unnecessary because trial counsel's deficient conduct is "evident from the record." We disagree.

In *Ex parte McFarland*, the court held that a trial counsel's decision to not more extensively cross-examine a State's witness was a matter of defense strategy. 163 S.W.3d 743, 755–56 (Tex. Crim. App 2005). Here, Appellant broadly contends that his trial counsel was ineffective because he minimally cross-examined the State's witnesses. However, Appellant makes no suggestion as to what his trial counsel should have asked the State's witnesses. Conversely, the record reflects that Appellant's trial counsel conducted extensive cross-examination of the State's witnesses. Appellant's trial counsel even pointed out an inconsistency in Officer McCammond's testimony regarding when the jail staff brought out the restraint chair for Appellant. Accordingly, Appellant has failed to establish that his trial counsel's representation fell below an objective standard of reasonableness or that the results of the proceeding would have been different but for trial counsel's alleged deficiencies. We overrule Appellant's second issue.

*This Court's Ruling*

We affirm the judgment of the trial court.


JOHN M. BAILEY
CHIEF JUSTICE


November 4, 2021

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.